UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JIM PARSONS,<br>    Plaintiff,<br><br>v.<br><br>ALL MAILROOM STAFFING, et al,<br>    Defendants. | §<br>§<br>§<br>§   C.A. NO. 6:24-CV-00480-ADA-JCM<br>§<br>§<br>§ |

### ORDER and REPORT AND RECOMMENDATION OF
### THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN D ALBRIGHT,
       UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Plaintiff's Motion to Proceed in Forma Pauperis. For the following reasons, the Court **ORDERS** that Plaintiff's Motion to Proceed in Forma Pauperis be **GRANTED**. The Court further **RECOMMENDS** that this case be **DISMISSED**.

### I.   BACKGROUND

Plaintiff Jim Parsons sues "all mailroom staffing," "all Waco Postmasters and employees," "all STG employees," "TDCJ Corporation and Executive Director," "United States Corporation," and "USPS Corporation and District of Colubia [sic] Head Postmaster" for violating the DTPA and the First, Fifth, and Fourteenth Amendments. Pl.'s Compl. (ECF No. 1) at 1. Plaintiff alleges that Defendants have withheld mail sent to him by an inmate at the Alfred

1

D. Hughes Unit ("Prisoner Mail"). *Id.* Plaintiff complains that the obstruction of his Prisoner Mail is "either being done by Waco post master and employees; or my own Winfield post master." *Id.* at ¶ 1 (unaltered from original). Plaintiff further alleges that the post office has told him that the Prisoner Mail needs additional postage to be delivered via collect on delivery service "when in fact it does not." *Id.* at ¶ 2 (unaltered from original).

Plaintiff concludes that these acts constitute violations of the DTPA and his First, Fifth, and Fourteenth Amendment rights. In support of his claims, Plaintiff alleges that

> USPS has practice, policy and procedure of not allowing mail that is certified off prisons at bequesting of the prison mailroom supervisors, this is long standing behavior exhibited by both parties for around last 20 years now with numerous evidence already stacked up aginst said aprties in austin 1:24-cv-489 v IRS and USPS.

*Id.* at ¶ 2 (unaltered from original). Plaintiff further contends that "there is already indisputable evidence against USPS so this cannot be claim without 'merrit' as there is already amssive amounts of evidence against USPS." *Id.* (unaltered from original).

## II.  DISCUSSION

Here, Plaintiff reports that having to pay his filing fee would cause him undue financial hardship. *See* Mot. at 1. Accordingly, the Court grants Plaintiff's Motion to Proceed in Forma Pauperis. Once IFP status is conferred, 28 U.S.C.A. § 1915(e) allows dismissal of an action if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C.A. § 1915(e)(2)(B)(i).

A plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). To state a claim upon which relief may be granted, a plaintiff must plead "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "An IFP complaint that recites bare legal conclusions, with no suggestion of supporting facts . . . is a prime candidate for dismissal under § 1915(e)." *Lee v. Att'y Gen.*, No. CV SA-13-MC-367-XR, 2013 WL 12394347, at *9 (W.D. Tex. May 14, 2013), *R. & R. adopted sub nom. Lee v. Tex.*, No. CV SA-13-MC-367-XR, 2013 WL 12394360 (W.D. Tex. June 13, 2013).

### A. The Deceptive Trade Practices Act

Plaintiff concludes that the Waco Postmaster violated the DTPA without any supporting facts. He appears to allege that the Waco Postmaster, or the Postmaster's employees, advertised services with the intent not to sell them as advertised. Pl.'s Compl. at ¶ 1. Plaintiff admits he does not know whether the Waco Postmaster or the Winfield Postmaster committed the acts he complains of. *Id.* Despite this, he concludes that the Waco Postmaster, or the Postmaster's employees, violated the DTPA. *See id*. ("… no matter which one is doing this… a service advertised is not being provided violating' DECEPTIVE TRADE AND PRACTICES ACT.'" (unaltered from original)). Accordingly, Plaintiff's DTPA claims should be dismissed.

### B. Constitutional Violations

Plaintiff concludes that Defendants violated his First, Fifth, and Fourteenth Amendment rights by failing to deliver his Prisoner Mail as requested. *Id.* at ¶ 2. Plaintiff explains that Defendants have told him that his Prisoner Mail was not delivered because additional postage was required. *Id.* Plaintiff alleges that additional postage was not needed and thus Defendants violated his First, Fifth, and Fourteenth Amendment rights by refusing to deliver his Prisoner Mail. *Id.*

Plaintiff asserts that his constitutional claims are meritorious because "there is already indisputable evidence against USPS." *Id.* (unaltered from original). He cites *Emmett v. IRS* as evidence that the "USPS has practice, policy, and procedure of not allowing mail that is certified off prisons at bequesting of the prison mailroom supervisors." *Id.* (unaltered from original); *but see Emmett v. IRS*, No. 1:24-CV-00489-RP, 2024 U.S. Dist. LEXIS 140411 (W.D. Tex. Aug. 7, 2024) (dismissing plaintiff's complaint without reaching the merits of the case because plaintiff accumulated over a dozen strikes under 28 U.S.C. § 1915(g)).

Insofar as Plaintiff attempts to raise Fifth and Fourteenth Amendment claims, these claims should be dismissed. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009). Plaintiff's complaint, however, does not even rise to this level. Instead, Plaintiff offers factual recitations that are completely untethered to his claims. Assuming all the allegations in Plaintiff's complaint are true, his factual allegations are not enough to raise a right to relief beyond the speculative level. *See Twombly*, 550 U.S. at 570. He fails to explain which Defendant violated his Fifth and Fourteenth Amendment rights. *See generally* Pl.'s Compl. It is also unclear how those rights are implicated by Plaintiff's factual allegations *See id.* Thus, Plaintiff's allegations do not allow the Court to draw a reasonable inference that any of the defendants are liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 678.

Plaintiff also claims that Defendants violated his First Amendment rights without support and without identifying which specific provision of the First Amendment Defendants allegedly violated. *See generally* Pl.'s Compl. Beyond his conclusory allegation, Plaintiff does not invoke his right to freedom of speech, assembly, petition, or religion. *See id.* It is therefore unclear how Defendants have deprived Plaintiff of any rights protected under the First Amendment.

Plaintiff's claim is a dispute about the USPS's service, not a First Amendment violation. He complains specifically about the Prisoner Mail sent to him via collect on delivery service. *Id.* at ¶ 1. The gravamen of Plaintiff's complaint is that the USPS will not deliver mail in the manner requested. *See id.* The First Amendment creates no such right. *See Bankhouse v. United States*, No. SA-21-CV-00742-FB, 2022 U.S. Dist. LEXIS 47407, at *13 (W.D. Tex. Mar. 15, 2022) (holding that there is no First Amendment right to receive mail at one's residential address rather than a Post Office Box).

To the extent that Plaintiff wants to assert a claim that USPS is violating its procedures, that claim would fail as well because it is unexhausted. *Id.* "Instead of filing suit in federal court, § 3662 of the Postal Reorganization Act provides that '[i]nterested parties… who believe that they are not receiving postal service in accordance with the polices of this title may lodge a complaint with the Postal Rate Commission.'" *Id.* at *11 (citing 39 U.S.C. § 3662). This remedy is exclusive. *Id.* (citations omitted). If Plaintiff is unsatisfied with the outcome of the administrative proceeding, then he may seek appellate review with the United States Court of Appeals for the District of Columbia, which is the court designated by Congress to hear all appeals from Commission decisions. *Id.* at *16–17. Accordingly, the Court should dismiss Plaintiff's claims.

### III.   ORDER and RECOMMENDATION

For the reasons explained above, the Court **ORDERS** Plaintiff's Motion to Proceed in Forma Pauperis be **GRANTED.** The Court **RECOMMENDS** that this case be **DISMISSED**.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object.

The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150-53; *Douglass*, 79 F.3d at 1415.

**SIGNED this 26th day of September 2024.**

_____
JEFFREY C. MANSKE
UNITED STATES MAGISTRATE JUDGE